UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Plaintiff,<br><br>v.<br><br>INSPIRADA COMMUNITY ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; LEACH JOHNSON SONG & GRUCHOW, LTD.,<br><br>Defendants. | Case No. 2:16-cv-00605-MMD-PAL<br><br>ORDER |

**I.  SUMMARY**

This case arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are three motions: (1) Defendant Inspirada Community Association's ("HOA") motion for summary judgment (ECF No. 109); (2) Plaintiff Bank of America, N.A.'s ("BANA") motion for summary judgment (ECF No. 110); and (3) Defendant SFR Investments Pool 1, LLC's ("SFR") motion for summary judgment (ECF No. 111). The Court has reviewed the parties' responses (ECF Nos. 115, 116, 117, 118) and replies (ECF Nos. 119, 120, 121). The Court also has reviewed the supplemental briefs that the parties submitted (ECF Nos. 123, 124 (errata), 125) in response to the Court's order (ECF No. 122) allowing the parties to address the applicability of a recent Nevada Supreme Court case[1] to the facts of this case. For the following reasons, the Court denies BANA's motion for summary judgment, grants SFR's motion for summary judgment, and denies the HOA's motion for summary judgment as moot.

///

---

[1] *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, No. 73785, 2019 WL 1087513 (Nev. Mar. 7, 2019).

## II. RELEVANT BACKGROUND

The following facts are undisputed unless otherwise indicated.

Kyle and Kelly Schramm ("Borrowers") purchased real property[2] ("Property") within the HOA on September 2, 2008, with a $281,975 loan ("Loan"). (ECF No. 110-1 at 2-3, 12.) The Loan was evidenced by a note ("Note") and secured by a first deed of trust ("DOT") that named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary. (*Id.* at 3.) MERS assigned the DOT to a company in May 2011 that merged into and with BANA. (ECF No. 110-3 at 2 (assignment); ECF No. 110-4 at 2 (certificate of merger).)

The Borrowers failed to pay HOA assessments, and the HOA recorded the following notices through its agent, Leach Johnson Song & Gruchow ("Leach"): (1) notice of delinquent assessment on January 4, 2011 (ECF No. 110-5 at 2-3); and (2) notice of default and election to sell on March 25, 2011 (ECF No. 110-6 at 2-3).

BANA asked Leach to identify the superpriority amount of the HOA's lien and offered to pay that amount on April 22, 2011. (ECF No. 110-7 at 5-6.) Leach refused to provide any account information to BANA unless BANA obtained the Borrowers' authorization to release their assessment account records. (*Id.* at 8.) The authorization form required the Borrowers to consent to a $150 fee. (*Id.* at 9.) It does not appear that BANA and Leach communicated further after this.

The HOA recorded a notice of sale on May 14, 2012. (ECF No. 110-9 at 2-4.) The HOA sold the Property to SFR on April 18, 2013 ("HOA Sale") for $14,000. (ECF No. 110-10 at 2-4.)

BANA asserts the following claims in its Complaint: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA and Leach; (3) wrongful foreclosure against the HOA and Leach; and (4) injunctive relief against SFR. (ECF No. 1 at 6-14.)

---

[2] The Property is located at 3144 Monet Sunrise Ave., Henderson, NV 89044. (ECF No. 110-1 at 4.)

SFR asserted a counterclaim and crossclaim for quiet title and injunctive relief against BANA and the Borrowers. (ECF No. 25 at 9-16.)

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. BANA'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 110)

BANA argues that it is entitled to summary judgment on its quiet title/declaratory judgment claim and SFR's counterclaim because: (1) BANA tendered the superpriority amount (ECF No. 110 at 5-10); (2) the state statute—NRS § 116.3116—governing the HOA Sale is unconstitutional (id. at 10-13); (3) the HOA Sale violated the Supremacy Clause (id. at 13-17); and (4) BANA is entitled to equitable relief (Id. at 17-19).[3] The Court finds none of these arguments persuasive.

### A. Tender

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018), the Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117. It reaffirmed that "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* More recently, the Nevada Supreme Court held that an offer to pay the superpriority

///

---

[3] BANA also argues that SFR is not a bona fide purchaser (ECF No. 110 at 19-20), but this argument is moot in light of the Court's analysis.

4

amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *Thomas Jessup*, 2019 WL 1087513, at *1.

Here, BANA offered to pay the superpriority amount (*see* ECF No. 110-7 at 5-6) but never actually tendered payment (*see* ECF No. 119 at 4 ("[T]he law does not obligate BANA to undertake a futile act such as submitting a tender check . . . .")).[4] A mere offer to pay is not sufficient to constitute a valid tender. *Thomas Jessup*, 2019 WL 1087513, at *3 ("Miles Bauer's offer to pay the yet-to-be-determined superpriority amount was not sufficient to constitute a valid tender."). Thus, BANA additionally contends that it was excused from the obligation to tender under *Thomas Jessup*. (ECF No. 123 at 4.) The Court disagrees.

In *Thomas Jessup*, the Nevada Supreme Court found that a mortgage lender was excused from the obligation to tender payment when the homeowners' association's agent essentially stated that it would reject any tender it received. 2019 WL 1087513, at *3-4. Although the agent's letter "did not explicitly state that it would reject a superpriority tender," the court found that was the only reasonable construction of the letter because the letter asserted that the lender could not tender the superpriority amount prior to foreclosure. *Id.* at *4. The court additionally relied on trial testimony that confirmed the agent would have rejected a tender that included a "paid in full" condition. *Id.*

Here, Leach did not state that a nine-month statement of account was invalid or refute BANA's position that the superpriority portion could be satisfied prior to foreclosure. (*See* ECF No. 123 at 3 n.2.) Nor has BANA cited to deposition testimony in this case indicating that the HOA's agent would have rejected tender. (*See id.*) The record in this case only shows that the HOA's agent asked BANA to obtain a release from the Borrowers before disclosing a statement of account. (*See* ECF No. 110-7 at 5-9.) This sequence of events did not excuse BANA from tendering.

///

---

[4]SFR disputes whether BANA's letter even constituted an offer to pay the superpriority amount (ECF No. 118 at 4), but the Court need not resolve this issue given that BANA was not excused from tendering the superpriority amount.

BANA argues that Leach essentially rejected BANA's offer based on Leach's briefing in another case in which Leach argued that the superpriority lien is triggered by foreclosure. (ECF No. 123 at 3.) But BANA has produced no evidence that it was aware of this position at the time the letters about tender were exchanged with Leach. Leach's subsequent litigation position cannot excuse BANA's prior obligation to tender.

BANA also argues that Leach had a policy of rejecting tender based on evidence from another case (ECF No. 123 at 4). But one example of rejection does not establish a policy. Thus, this case is distinguishable from *RH Kids, LLC v. MTC Fin.*, No. 2:12-cv-00949-KJD-RJJ, 2019 WL 1258869, at *5 (D. Nev. Mar. 19, 2019). There, the court applied *Thomas Jessup* and excused the lender's obligation to tender because the homeowners' association's agent had a policy of rejecting tender, as evidenced by deposition testimony to that effect. *Id.* Here, BANA has produced no such evidence to establish that Leach had a policy of rejecting tender.

This case is also distinguishable from *Bank of Am., N.A. v. Woodcrest Homeowners Ass'n*, No. 2:15-cv-01193-MMD-GWF, 2019 WL 1114872, at *4 (D. Nev. Mar. 11, 2019), because the homeowners' association's agent actually rejected tender in that case. *Id.*

Accordingly, the Court finds that BANA did not tender the superpriority amount, nor was it excused from tendering the superpriority amount.

### B. Constitutionality of NRS § 116.3116

The Court rejects BANA's argument that NRS § 116.3116 is unconstitutional based on the reasoning in *Bank of N.Y. Mellon v. Log Cabin Manor Homeowners Ass'n*, No. 2:15-cv-02026-MMD-CWH, 2019 WL 302489, at *5 (D. Nev. Jan. 23, 2019).

### C. Supremacy Clause

BANA argues that the Supremacy Clause of the Federal Constitution prevents extinguishment of the DOT because the DOT is federally insured. (ECF No. 110 at 13-17.) The Court disagrees. *See PHH Mortg. Corp. v. Saticoy Bay LLC*, No. 2:16-cv-02795-MMD-NJK, 2018 WL 357847, at *1 (D. Nev. Jan. 10, 2018) (rejecting property clause

argument in case about mortgage that was FHA-insured at the time of the applicable homeowners' association foreclosure sale); *Las Vegas Dev. Group, LLC v. Yfantis*, 173 F. Supp. 3d 1046, 1052-53 (D. Nev. 2016) (same); *see also Renfroe v. Lakeview Loan Servicing, LLC*, 398 P.3d 904, 909 (Nev. 2017) (rejecting supremacy clause challenge to nonjudicial foreclosure sale conducted under NRS § 116.3116 that extinguished FHA-insured DOT).

### D. Equitable Relief

The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

Adequacy of sale price aside, BANA has not demonstrated fraud, unfairness, or oppression. BANA relies on the following indicia of unfairness: the HOA foreclosed despite BANA's tender and the parties faced massive legal uncertainty when the HOA foreclosed. (ECF No. 110 at 18-19.) The first argument is unpersuasive as discussed *supra* Section IV(A). The second argument is also unpersuasive. As the Court has noted in a similar case, legal uncertainty put the parties on equal footing. *Nationstar Mortg. LLC v. Highland Ranch Homeowners Ass'n*, No. 3:15-cv-00375-MMD-CBC, 2019 WL 1173339, at *2 (D. Nev. Mar. 13, 2019). Thus, BANA has not shown entitlement to equitable relief.

Accordingly, the Court denies BANA's motion for summary judgment.

## V. SFR'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 111)

SFR argues that it is entitled to summary judgment on BANA's claim for quiet title/declaratory relief and its counterclaim and crossclaim seeking the same because the

1  HOA Sale extinguished the DOT. (ECF No. 111 at 8.) The Court agrees. SFR is entitled
2  to summary judgment because a valid HOA sale extinguishes the DOT. *See SFR Invs.*
3  *Pool 1 v. U.S. Bank*, 334 P.3d 408, 413 (Nev. 2014) (holding that foreclosure sale on the
4  superpriority portion of an HOA lien extinguishes all prior security interests). Accordingly,
5  the Court grants summary judgment in favor of SFR on BANA's claim for quiet
6  title/declaratory judgment as well as SFR's counterclaim and crossclaim for quiet title.
7  The Court declares that the HOA Sale extinguished the DOT. The Court also orders the
8  lis pendens on the Property expunged. The Court dismisses BANA's remaining claims—
9  for breach of NRS § 116.1113 and wrongful foreclosure against the HOA and Leach—as
10 moot. Given that this ruling terminates claims against the HOA, the Court will deny the
11 HOA's motion for summary judgment (ECF No. 109) as moot.

## VI.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that SFR's motion for summary judgment (ECF No. 111) is granted. The Court declares that the HOA Sale extinguished the DOT. The Court also orders that the lis pendens on the Property located at 3144 Monet Sunrise Ave., Henderson, NV 89044 be expunged.

It is further ordered that BANA's motion for summary judgment (ECF No. 110) is denied.

It is further ordered that the HOA's motion for summary judgment (ECF No. 109) is denied as moot.

///
///
///
///

8

It is further ordered that the Clerk of Court enter judgment in favor of SFR on BANA's quiet title/declaratory relief claim as well as SFR's counterclaim and crossclaim for quiet title in accordance with this order and close this case.

DATED THIS 27th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE